IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN NAVA, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 4:24-cv-00874 |
| ENSIGN UNITED STATES DRILLING, INC., | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, ENSIGN UNITED STATES DRILLING, INC. ("Ensign") files its Answer to Plaintiff Dan Nava's Original Complaint ("Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the Complaint. To the extent the allegations within the Complaint are not expressly admitted, they are hereby denied.

**I. Nature of Suit**

**COMPLAINT ¶1:**

Nava's claims arise under the FLSA.

**ANSWER:**

Ensign admits that Plaintiff purports to bring this case under the FLSA. Ensign denies that it violated the FLSA or any other state or federal laws, with respect to Plaintiff or any putative collective members.

**COMPLAINT ¶2:**

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers ... ." 29 U.S.C. § 202(a).

**ANSWER:**

Ensign admits that 29 U.S.C. § 202(a) contains the quote listed in Paragraph 2 of

the Complaint. Ensign further admits that Plaintiff purports to bring this case under the

FLSA.  Ensign denies that it violated the FLSA or any other state or federal laws, with

respect to Plaintiff or any putative collective members.  Ensign denies the remaining

allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

**ANSWER:**

Ensign admits that the FLSA sets forth certain requirements for covered

employers. Ensign further admits that Plaintiff purports to bring this case under the

FLSA.  Ensign denies that it violated the FLSA or any other state or federal laws, with

respect to Plaintiff or any putative collective members.  Ensign denies the remaining

allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Ensign violated the FLSA by employing Nava and other similarly situated employees "for a workweek longer than forty hours [while refusing to compensate them] for [their] employment in excess of [forty] hours ... at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

309779132v.2

**ANSWER:**

Ensign denies that it violated the FLSA or any other state or federal laws, with respect to Plaintiff or any putative collective members.  Ensign denies that Plaintiff or any putative collective members are entitled to additional pay under the FLSA.  Ensign denies that this lawsuit is suitable for collective action treatment, denies that there are employees similarly situated to Plaintiff, and denies that it violated the FLSA or any other state or federal laws, with respect to Plaintiff or any putative collective members. Ensign denies the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Ensign willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

**ANSWER:**

Ensign denies that it violated the FLSA, willfully or otherwise, or any other state or federal laws, with respect to Plaintiff or any putative collective members.  Ensign denies the remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Nava brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of Ensign (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

**ANSWER:**

Ensign admits that Plaintiff purports to bring this lawsuit under the FLSA. Ensign denies that this lawsuit is suitable for collective action treatment, denies that there are current or former employees similarly situated to Plaintiff, and denies that it violated the FLSA or any other state or federal laws, with respect to Plaintiff or any putative

collective members.  Ensign denies that Plaintiff or any putative collective members are

entitled to recover back wages, liquidated damages, or attorney's fees and costs under the

FLSA.  Ensign denies the remaining allegations in Paragraph 6 of the Complaint.

## II. Jurisdiction & Venue

**COMPLAINT ¶7:**

This action arises under a federal statute, the FLSA.  28 U.S.C. § 1331 (federal-question jurisdiction).

**ANSWER:**

Ensign admits that Plaintiff purports to bring this case under the FLSA. Ensign

admits that this case involves a federal question under the Fair Labor Standards Act.

**COMPLAINT ¶8:**

Venue is proper in this district and division because Ensign resides in this district and division.  28 U.S.C. § 1391(b)(1).

**ANSWER:**

Ensign denies that venue is proper in the Southern District of Texas because

Plaintiff agreed to arbitrate any claims against Ensign in individual bilateral arbitration.

Ensign denies that venue is proper with respect to claims of the putative collective

members to the extent such members agreed to arbitrate any claims against Ensign in

individual, bilateral arbitration.  Ensign denies the remaining allegations in Paragraph 8

of the Complaint.

## III. Parties

**COMPLAINT ¶9:**

Nava is an individual who resides in Midland County, Texas and who was employed by Ensign during the last three years.

309779132v.2

**ANSWER:**

Ensign admits that Plaintiff was employed by Ensign for two terms, the first being between approximately February 8, 2022 to January 5, 2023 when he voluntarily resigned and his second from approximately April 3, 2023 to Octoer 18, 2023 when he voluntarily resigned again.   Ensign does not have sufficient information to admit or deny whether Plaintiff resides in Midland County, Texas.  Ensign denies the remaining allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Ensign is a Colorado corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, TX 75201

Alternatively, if the registered agent of Ensign cannot with reasonable diligence be found at the company's registered office, Ensign may be served with process by serving the Texas Secretary of State.  *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

**ANSWER:**

Ensign admits that it is a Colorado corporation and may be served with process by serving its registered agent.

**COMPLAINT ¶11:**

An allegation that Ensign committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Ensign or was done in the normal course and scope of employment of Ensign's officers, directors, vice-principals, agents, servants or employees.

**ANSWER:**

Ensign denies the allegations in Paragraph 11 of the Complaint.

### IV. Facts

**COMPLAINT ¶12:**

Ensign is an oilfield services company.

**ANSWER:**

Ensign admits that it is a drilling company for oil and gas field operations.  Ensign

denies the remaining allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Ensign does business in the territorial jurisdiction of this Court.

**ANSWER:**

Ensign admits that is does business in Texas.  Ensign denies the remaining

allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Ensign employed Nava from September 1, 2021, to October 23, 2023.

**ANSWER:**

Ensign denies the allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Ensign employed Nava as a floorhand and as a pumphand.

**ANSWER:**

Ensign admits it employed Plaintiff as a floorhand during his first term with

Ensign and from April 3, 2023 until May 11, 2023 during his second term with Ensign.

Ensign denies it employed Nava as a pumphand.  Ensign admits that Nava worked as a

derrickhand from May 12, 2023 until the end of his second employment term with

Ensign.  Ensign denies the remaining allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶16:**

As a floorhand and a pumphand, Nava was responsible for performing work involving repetitive operations with his hands, physical skill and energy.

**ANSWER:**

Ensign denies that Plaintiff's job required only physical labor and skills, but admits

that part of Plaintiff's job required some manual and physical labor due to the nature of the

worksite the Plaintiff was working in.  Ensign denies the remaining allegations in

Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

During Nava's employment with Ensign, he was engaged in commerce or in the productions of goods for commerce.

**ANSWER:**

Ensign admits that Plaintiff was an employee who engaged in commerce or in the

production of goods for commerce as defined under the FLSA during the time he was

employed by Ensign.

**COMPLAINT ¶18:**

During Nava's employment with Ensign, the company had employees engaged in commerce or in the production of goods for commerce.

**ANSWER:**

Ensign admits that Ensign had employees who engaged in commerce or in the

production of goods for commerce as defined under the FLSA during the time Plaintiff

was employed by Ensign.

**COMPLAINT ¶19:**

During Nava's employment with Ensign, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

**ANSWER:**

Ensign admits that during Plaintiff's employment with Ensign, Ensign had

employees handling, selling or otherwise working on goods or materials that had been

moved in or produced for commerce by others as defined under the FLSA.

**COMPLAINT ¶20:**

During Nava's employment with Ensign, the company had an annual gross volume of sales made or business done of at least $500,000.

**ANSWER:**

Ensign admits that during Plaintiff's employment with Ensign, Ensign had an

annual gross volume of sales made or business done of at least $500,000.

**COMPLAINT ¶21:**

Ensign paid Nava on an hourly basis.

**ANSWER:**

Ensign admits that Plaintiff was compensated on an hourly basis during the time

that Plaintiff was employed by Ensign and that he was paid time-and-a-half for hours

worked over 40 in a workweek.  Ensign denies the remaining allegations in Paragraph 21

of the Complaint.

**COMPLAINT ¶22:**

Ensign paid Nava on a weekly basis by direct deposit.

309779132v.2

**ANSWER:**

Ensign admits that Plaintiff was paid on a bi-weekly basis through a direct deposit into Plaintiff's account for the work he performed during his employment with Ensign. Ensign denies the remaining allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

During Nava's employment with Ensign, he regularly worked in excess of forty hours per week.

**ANSWER:**

Ensign admits that Plaintiff sometimes worked in excess of forty hours per work week. Ensign denies the remaining allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Ensign knew or should have known that Nava worked in excess of forty hours per week.

**ANSWER:**

Ensign admits that it was aware that Plaintiff sometimes worked in excess of forty hours per work week. Ensign denies the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Ensign did not pay Nava for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

**ANSWER:**

Ensign denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Instead, Ensign paid Nava at less than one and one-half times his regular rate of pay for all of the hours over 40 that he worked in a workweek.

**ANSWER:**

Ensign denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Nava was not exempt from the maximum hour requirements of the FLSA.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek. Ensign denies the remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

As a floorhand and a pumphand, Nava's primary duties were nonexempt.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies the remaining allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

As a floorhand and a pumphand, Nava's primary duties did not include office or nonmanual work.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies the remaining allegations in Paragraph 29 of the Complaint.

309779132v.2

**COMPLAINT ¶30:**

As a floorhand and a pumphand, Nava's primary duties were not directly related to the management or general business operations of Ensign or its customers.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it

paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies

the remaining allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

As a floorhand and a pumphand, Nava's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it

paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies

the remaining allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

As a floorhand and a pumphand, Nava did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it

paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies

the remaining allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

As a floorhand and a pumphand, Nava was, instead, required to follow Ensign's policies, practices and procedures.

309779132v.2

**ANSWER:**

Ensign admits that while employed with Ensign, Plaintiff was required to follow Ensign's policies, practices and procedures.  Ensign denies the remaining allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

As a floorhand and a pumphand, Nava did not have any independent authority to deviate from Ensign's policies, practices and procedures.

**ANSWER:**

Ensign admits that while employed with Ensign, Plaintiff was required to follow Ensign's policies, practices and procedures.  Ensign denies the remaining allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Ensign knew or should have known that Nava was not exempt from the maximum hour requirements of the FLSA.

**ANSWER:**

Ensign admits that it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek.  Ensign denies the remaining allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Ensign willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

**ANSWER:**

Ensign denies the allegations in Paragraph 36 of the Complaint.

309779132v.2

**COMPLAINT ¶37:**

During Nava's employment with Ensign, the company did not maintain accurate time and pay records for Nava as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

**ANSWER:**

Ensign denies the allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

During Nava's employment with Ensign, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

**ANSWER:**

Ensign denies the allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Ensign continued the pay practice(s) complained of by Nava without investigation after being put on notice that the pay practice(s) violated the FLSA.

**ANSWER:**

Ensign denies the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Ensign has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

**ANSWER:**

Ensign denies the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Prior to this lawsuit, Ensign conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Nava.

**ANSWER:**

Ensign denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Because Ensign willfully violated the FLSA, the company is liable to Nava for any FLSA violations that occurred during the last three years.  29 U.S.C. § 255(a).

**ANSWER:**

Ensign denies the allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

As a result of the FLSA violation(s) described above, Ensign is liable to Nava for back wages, liquidated damages and attorney's fees and costs.  29 U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

All floorhands and pumphands who were paid at less than one and one-half times their regular rates of pay for all of the hours over 40 that they worked in a workweek employed by Ensign during the last three years are similarly situated to Nava because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from Ensign under 29 U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 44 of the Complaint.

**V. Count One—**
**Failure to Pay Overtime in Violation of 29 U.S.C. § 207**

**COMPLAINT ¶45:**

Nava adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

**ANSWER:**

Ensign adopts by reference all denials and admissions as set forth above.

14

**COMPLAINT ¶46:**

During Nava's employment with Ensign, he was a nonexempt employee.

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek. Ensign denies the remaining allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

As a nonexempt employee, Ensign was legally obligated to pay Nava "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

**ANSWER:**

Ensign admits it did not classify Plaintiff as exempt under the FLSA and that it paid Plaintiff time-and-a-half for all hours worked over 40 in a workweek. Ensign further admits that 29 U.S.C. § 207(a)(1) contains the language quoted in Paragraph 47 of the Complaint. Ensign denies the remaining allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Ensign did not pay Nava "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

**ANSWER:**

Ensign denies the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Instead, Ensign paid Nava at less than one and one-half times his regular rate of pay for all of the hours over 40 that he worked in a workweek.

**ANSWER:**

Ensign denies the allegations in Paragraph 49 of the Complaint.

309779132v.2

**COMPLAINT ¶50:**

If Ensign classified Nava as exempt from the maximum hour requirements of the FLSA, he was misclassified.

**ANSWER:**

Ensign denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

As a result of the FLSA violation(s) described above, Ensign is liable to Nava for back wages equal to the difference between what the company should have paid and what it actually paid.

**ANSWER:**

Ensign denies the allegations in Paragraph 51 of the Complaint.

**VI. Count Two—**
**Willful Violation of the FLSA Under 29 U.S.C. § 255(a)**

**COMPLAINT ¶52:**

Nava adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

**ANSWER:**

Ensign adopts by reference all denials and admissions as set forth above.

**COMPLAINT ¶53:**

Ensign willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

**ANSWER:**

Ensign denies the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

During Nava's employment with Ensign, the company did not maintain accurate time and pay records for Nava as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

**ANSWER:**

Ensign denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

During Nava's employment with Ensign, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

**ANSWER:**

Ensign denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Ensign continued the pay practice(s) complained of by Nava without investigation after being put on notice that the pay practice(s) violated the FLSA.

**ANSWER:**

Ensign denies the allegations in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

Ensign has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

**ANSWER:**

Ensign denies the allegations in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Prior to this lawsuit, Ensign conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Nava.

**ANSWER:**

Ensign denies the allegations in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Because Ensign willfully violated the FLSA, the company is liable to Nava for any FLSA violations that occurred during the last three years.  29 U.S.C. § 255(a).

**ANSWER:**

Ensign denies the allegations in Paragraph 59 of the Complaint.

## VII. Count Three—
## Collective-Action Allegations Under 29 U.S.C. § 216(b)

**COMPLAINT ¶60:**

Nava adopts by reference all of the Facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

**ANSWER:**

Ensign adopts by reference all denials and admissions as set forth above.

**COMPLAINT ¶61:**

On information and belief, other employees of Ensign have been victimized by the FLSA violation(s) described above.

**ANSWER:**

Ensign denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

These employees are similarly situated to Nava because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

**ANSWER:**

Ensign denies the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

Ensign's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

**ANSWER:**

Ensign denies the allegations in Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Since Nava's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

For these reasons and in accordance with 29 U.S.C. § 216(b), Nava requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All floorhands or pumphands employed by Ensign during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at less than one and one-half times their regular rates of pay for all of the hours over 40 that they worked in a workweek (the "Overtime Collective").

**ANSWER:**

Ensign denies the allegations in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

Ensign is liable to Nava and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

**ANSWER:**

Ensign denies the allegations in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Nava has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Nava and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

**ANSWER:**

Ensign denies the allegations in Paragraph 67 of the Complaint.

**VIII. Count Four—**
**Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)**

**COMPLAINT ¶68:**

Nava adopts by reference all of the Facts set forth above.  *See*, Fed. R. Civ. P.
10(c).

**ANSWER:**

Ensign adopts by reference all denials and admissions as set forth above.

**COMPLAINT ¶69:**

Nava is authorized to recover liquidated damages on his claims by statute.  29
U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Nava is authorized to recover attorney's fees and costs on his claims by statute.  29
U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

Nava has retained the professional services of the undersigned attorneys.

**ANSWER:**

Ensign does not have sufficient information to admit or deny the allegations in

Paragraph 71 of the Complaint and therefore denies the allegations Paragraph 71 of the

Complaint.

**COMPLAINT ¶72:**

Nava has complied with the conditions precedent to recovering attorney's fees and costs.

**ANSWER:**

Ensign denies the allegations in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

Nava has incurred or may incur attorney's fees and costs in bringing this lawsuit.

**ANSWER:**

Ensign does not have sufficient information to admit or deny the allegations in

Paragraph 73 of the Complaint  and therefore denies the allegations Paragraph 73 of the

Complaint.

**COMPLAINT ¶74:**

The attorney's fees and costs incurred or that may be incurred by Nava were or are reasonable and necessary.

**ANSWER:**

Ensign denies the allegations in Paragraph 74 of the Complaint.

**COMPLAINT ¶75:**

Ensign is liable to Nava and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above.  29 U.S.C. § 216(b).

**ANSWER:**

Ensign denies the allegations in Paragraph 75 of the Complaint.

<h2 style="text-align:center;">IX. Relief Sought</h2>

**COMPLAINT ¶76:**

Nava demands the following relief:

309779132v.2

a.      an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

b.      an order appointing Nava representative of the Overtime Collective;

c.      an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

d.      an incentive award for Nava for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

e.      judgment against Ensign in Nava's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

f.      all other relief and sums that may be adjudged against Ensign in Nava's favor both individually and on behalf of the members of the Overtime Collective.

**ANSWER:**

Ensign denies that Plaintiff and those he seeks to represent are entitled to any of the relief requested in the Relief Sought paragraph of the Complaint (Paragraph 76 of the Complaint).

## AFFIRMATIVE AND OTHER DEFENSES

Ensign asserts the following additional defenses without assuming any burden of production or proof that it would not otherwise have.  The term "Plaintiff," as used below, refers to any and all current and future plaintiffs in this lawsuit.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      This case may not be maintained as a collective action because Plaintiff is not similarly situated to the individuals he purports to represent.  Thus, he cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

309779132v.2

3.      Ensign states, in the alternative if necessary, that if, in fact, it has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

4.      Ensign states, in the alternative if necessary, that even if it has, in fact, failed to pay any nonexempt employee for any activities, such activities were not an integral and  indispensable part of the employee's principal activities of employment but were instead preliminary or postliminary activities that are not compensable.

5.      If Plaintiff or any putative class member were to prevail, the claims for liquidated damages and pre-judgment interest would be barred to the extent that those forms of relief are duplicative of each other.

6.      Plaintiff's claims and those of the putative collective members are limited to the applicable two-year statute of limitations because they cannot establish a willful violation of the FLSA.

7.      Plaintiff's claims and those of the putative collective members are barred, in whole or in part, by the applicable statute of limitations.

8.      To the extent that Plaintiff's and the putative collective members' theories and representations in this case are inconsistent with his prior representations to Ensign, then his claims may be barred by the doctrine of estoppel.

9.      To the extent that Plaintiff's and the putative collective members' theories and representations in this case are inconsistent with his or her prior representations in a different legal proceeding, then his or her claims in this lawsuit may be barred by the doctrine of judicial estoppel.

10.     Plaintiff's claims, and those of the putative collective members, are barred by the doctrines of *res judicata* and/or *collateral estoppel* to the extent that Plaintiff and/or the putative collective members have previously participated, or been class members, in a legal or administrative proceeding in which they or their representatives asserted, or could have asserted, the claims they assert in this proceeding.

11.     Ensign states, in the alternative if necessary, that its actions with respect to Plaintiff or any purportedly similarly situated workers were taken in good faith in conformity with and in reliance on one or more written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to the FLSA.

12.     At all times relevant, Ensign complied with the requirements of the FLSA. In the alternative, Ensign should not be required to pay liquidated damages because its acts or omissions were made in good faith, and Ensign had reasonable grounds for believing that its acts or omissions were not in violation of the FLSA.

13.     Plaintiff and the putative collective members are not covered by the overtime and other protections of the FLSA to the extent Plaintiff and the putative class members are independent contractors and not employees.

14.     To the extent that Plaintiff or any putative collective members meet the requirements of a bona fide executive, administrative, or professional exemption pursuant to Section 13(a)(1) of the FLSA, they are not entitled to time-and-a-half pay for hours worked over 40 per workweek under the FLSA.

24

15.     To the extent that Plaintiff or any putative collective members have a total annualized compensation equal to at least $100,000 and customarily and regularly perform one of more of the exempt duties or responsibilities of a bona fide executive, administrative, or professional employee, they are not entitled to time-and-a-half pay for hours worked over 40 per workweek under the FLSA, pursuant to 29 C.F.R. § 541.601(a).

16.     Plaintiff's claims and the claims of any putative collective member are barred, in whole or in part, because neither Plaintiff nor any putative collective member sustained any injury or damage by reason of any act or omission of Ensign.

17.     Plaintiff's claims and the claims of any putative collective member are barred, in whole or in part, as to all hours allegedly worked of which Ensign lacked actual or constructive knowledge.

18.     To the extent Plaintiff or any putative collective members were paid compensation beyond that to which they were entitled for services performed, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

19.     Plaintiff's claims and the claims of any putative collective members are barred, in whole or in part, by the doctrines of estoppel, ratification, accord and satisfaction, unclean hands, laches, waiver and/or offset.

20.     To the extent any plaintiff or putative collective member agreed to arbitrate his or her claims, including any claims under the Fair Labor Standards Act, such plaintiff or putative collective member may not maintain this action in federal court.  Accordingly,

309779132v.2

pursuant to the Federal Arbitration Act, any such plaintiff or putative collective member must dismiss his or her claims and bring any claims against Ensign in arbitration.

21.     Plaintiff's claims, and those of the putative collective  members, are barred to the extent that they have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

22.     Plaintiff lacks standing to bring collective claims on behalf of, and may not represent, putative collective members, in whole or in part, with respect to the asserted collective claims.

## ADDITIONAL DEFENSES

Ensign presently has insufficient knowledge and information upon which to form a belief about whether it has additional affirmative defenses and/or counterclaims against Plaintiff.  Accordingly, Ensign expressly reserves the right to assert additional affirmative defenses and counterclaims against Plaintiff.

## ENSIGN'S PRAYER FOR RELIEF

Defendant, Ensign United States Drilling, Inc., respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding Ensign its costs, including its reasonable attorneys' fees, and any other relief that this Court deems appropriate.

309779132v.2

DATED:  April 18, 2024                Respectfully submitted,

                                      SEYFARTH SHAW LLP


                                      By: s/ John P. Phillips
                                          John P. Phillips
                                          Texas Bar No. 24083659
                                          jphillips@seyfarth.com
                                          700 Milam Street, Suite 1400
                                          Houston, Texas  77002-2812
                                          Telephone:  (713) 225-2300
                                          Facsimile:   (713) 225-2340

                                          ATTORNEYS FOR DEFENDANT
                                          ENSIGN UNITED STATES
                                          DRILLING, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2024, the foregoing document was filed using the electronic filing system, which will transmit a notice of filing to all counsel of record, as follows:

MOORE & ASSOCIATES
Melissa Moore
Curt Hesse
Lyric Centre
440 Louisiana Street
Houston, Texas 77002-1055

s/ John P. Phillips
John P. Phillips

28